1

2          IN THE UNITED STATES DISTRICT COURT

3              FOR THE DISTRICT OF ARIZONA

4

5   Alfonso G. Fragoso,              )    No. CV 09-239-TUC- JMR(HCE)
                                     )
6              Petitioner,           )    **REPORT AND RECOMMENDATION**
                                     )
7   vs.                              )
                                     )
8                                    )
    Charles Riening,[1] et. al.,     )
9                                    )
               Respondents.          )
10                                   )
    _____)
11

12

13         Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus

14   (hereinafter "Petition") filed pursuant to 28 U.S.C. §2254 (Doc. No. 1). Pursuant to the Rules

15   of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for

16   Report and Recommendation. For the following reasons the Magistrate Judge recommends

17   that the District Court deny in part and dismiss the remainder of the Petition.

18   **I.      BACKGROUND: STATE PROCEEDINGS**

19         Pursuant to a plea agreement, Petitioner was convicted in Pima County Superior

20   Court, Arizona, of aggravated driving while under the influence of an intoxicant (hereinafter

21   "DUI") while his driver's license was suspended, revoked, or restricted, a class four felony.

22   (*See* Answer, Exh. A at p.1).  In exchange for Petitioner's guilty plea, the State dismissed an

23   aggravated assault charge and a felony fleeing allegation. (*See* Answer, Exh. C). Upon

24   _____

25         [1]Respondents have pointed out that "Charles L. Ryan is the Director of the Arizona
     Department of Corrections. Petitioner has apparently misidentified him as Charles Riening."
26   (Answer (Doc. No. 7), p.1 n.1). Because Petitioner has identified Charles Riening as the
     person having custody of him, and to remain consistent with the docket, the Court has used
27   the caption that appears on the docket. Respondents do not argue that Petitioner's error is
     fatal to his action, and, thus, have waived any such argument. *See Smith v. Idaho*, 392 F.3d.
28   350 (state waived lack of jurisdiction on the custodian's behalf where petitioner failed to
     name the correct party and state did not object).

Petitioner's admission to having two prior felony aggravated DUI convictions, the trial court sentenced him to the presumptive, ten-year prison term. (*See* Answer, Exh. A at p.1; Answer, Exh. C).

After appointed counsel notified the trial court that "she was unable to find any arguably meritorious legal issues to raise in a post-conviction petition...," Petitioner filed a *pro se* Petition for Post-Conviction Relief (hereinafter "PCR Petition") pursuant to Rule 32 of the Arizona Rules of Civil Procedure. (Answer, Exh. A at pp. 1-2 (internal quotation marks omitted); *see also* Answer, Exh. B). In his PCR Petition, Petitioner argued that:

1.     the trial court's application of the criminal code to enhance Petitioner's sentence violated the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution and the Arizona Constitution and did not comport with the United States Supreme Court's decision in *Leocal v. Ashcroft,* 543 U.S. 1 (2004) and "*United States v. Ned Walker* No. 04-1815 (11th Cir. 2005)..."[1], because Petitioner's conviction arose from a violation of the traffic code; and

2.     his trial counsel was ineffective "by not challenging or researching the authority of law on this subject matter of authorizes [sic] sentencing Agg-DUIs [sic] offenders in a criminal statute."

(Answer, Exh. B).

On April 26, 2007, the state trial court summarily denied Petitioner's PCR Petition. (Answer, Exh. C).

On July 30, 2007, Petitioner filed a Petition for Review of the trial court's denial of his PCR Petition. (Answer, Exh. D). Therein, Petitioner argued that his sentence was unconstitutional and his counsel was ineffective for failing to challenge his sentence all in

---

[1]The correct citation for the case title and docket number cited by Petitioner is: *United States v. Walker,* 393 F.3d 819 (8th Cir. 2005), *abrogated by United States v. McCall,* 439 F.3d 967, 971 (8th Cir. 2006) (*en banc*).

violation of his "due process, 6th amend [sic] rights to the protection of his substantial right to liberty interest to this traffic offense." (*Id.* at p.12).

On March 10, 2008, the Arizona Court of Appeals granted Petitioner's request for review but denied relief. (Answer, Exh. A). Petitioner did not seek review before the Arizona Supreme Court. (Answer, p. 2; Petition, p. 3).

## II. PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed his Petition For Writ of Habeas Corpus on April 14, 2009.[2] Therein, Petitioner alleges two grounds as the basis for relief:

1. that his due process rights under the Fourteenth Amendment were violated because the trial court failed to uphold precedent established by the United States Supreme Court and the Ninth Circuit Court of Appeals; and

2. that his trial counsel was ineffective because "if Counsel was to read the law book Counsel would have found the casing [sic] this petitioner will cite in the petition."

(Petition, pp. 6-7).[3]

Respondents concede that Petitioner's Petition For Writ For Habeas Corpus is timely. (Answer, p. 4). Respondents assert that Petitioner's claims are procedurally defaulted and/or without merit. Petitioner did not file a Reply to Respondents' Answer.

## III. DISCUSSION

### 1. Exhaustion and Procedural Default

Respondents argue that habeas review of some of Petitioner's claims is barred because such claims are unexhausted and procedurally defaulted.

---

[2]Petitioner's Petition was filed stamped by the Clerk of the Court on April 24, 2009. A petition is deemed filed when handed by the inmate to a prison official for mailing. *See Houston v. Lack,* 487 U.S. 266, 270-271 (1988). The Court deems the Petition commencing this action as filed on April 14, 2009. *See id.*

[3]Petitioner's claims as outlined by this Court are not Petitioner's own words, except where indicated by quotation. The Court has characterized Petitioner's claims for purposes of clarity.

a.      Exhaustion

A federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted the state court remedies available to him  28 U.S.C. § 2254(b); *Baldwin v. Reese,* 541 U.S. 27(2004); *Castille v. Peoples,* 489 U.S. 346 (1989).  The exhaustion inquiry focuses on the availability of state court remedies at the time the petition for writ of habeas corpus is filed in federal court.  *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999).  Exhaustion generally requires that a prisoner provide the state courts an opportunity to act on his claims before he presents those claims to a federal court.  *Id.*  A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure.  *See* Id.; 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court...thereby alerting that court to the federal nature of the claim." *Baldwin,* 541 U.S. at 29 (internal quotations omitted); *see also Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). A petitioner fairly presents a claim to the state court by  describing the factual or legal bases for that claim and by alerting the state court "to the fact that the...[petitioner is] asserting claims under the United States Constitution." *Duncan,* 513 U.S. at 365-366.  *See also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (same).   Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient.  *Duncan,* 513 U.S. at 365-366.

Furthermore,  to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan,* 526  U.S. at 845.  Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied.  *See Picard  v. Connor,* 404 U.S. 270, 275 (1971).  In habeas petitions, other than those concerning life sentences or capital cases, the claims of Arizona state prisoners are exhausted if  they have been fairly presented to  the Arizona Court of Appeals either on appeal of the conviction or through a collateral proceeding pursuant to Rule 32 of the Arizona Rules of

Criminal Procedure.[4] *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9ᵗʰ Cir. 1999), *cert. denied* 529 U.S. 1124 (2000). Thus, "[a] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum..., (2) through the proper vehicle..., and (3) by providing the proper factual and legal basis for the claim...." *Insyxiengmay v. Morgan,* 403 F.3d 657, 668 (9ᵗʰ Cir. 2005) (citations omitted).

### b. Procedural Default

In some instances a claim can be technically exhausted even though the state court did not address the merits. This situation is referred to as "procedural bar" or "procedural default." *See Coleman v. Thompson,* 501 U.S. 722, 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). A claim is procedurally defaulted if the state court declined to address the issue on the merits for procedural reasons such as waiver or preclusion. *Ylst v. Nunnemaker,* 501 U.S. 797, 802-805 (1991); *Franklin v. Johnson,* 290 F.3d 1223, 1230 (9ᵗʰ Cir. 2002). A higher court's subsequent summary denial reaffirms the lower court's application of a procedural bar. *Ylst,* 501 U.S. at 803.

Additionally, procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* Thus, if a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available.[5] *See Harris v. Reed,*

---

[4]Respondents argue that to satisfy the exhaustion requirement Petitioner herein must present his claims to the Arizona Supreme Court. (Answer, pp. 4-5) That argument is addressed *infra,* at II.B.

[5]The Ninth Circuit has suggested that, under Ariz.R.Crim.P. 32.2, there are exceptions to the rule that a district court can decide whether state remedies remain available for claims that require a knowing, voluntary, and intelligent waiver. *See Cassett v. Stewart*, 406 F.3d 614 (9ᵗʰ Cir. 2005), *cert. denied,* 546 U.S. 1172 (2006). The issue of waiver must be affirmatively raised by the petitioner. *See Beaty v. Stewart,* 303 F.3d 975, 987 & n.5 (9ᵗʰ Cir. 2002), *cert denied,* 538 U.S. 1053 (2003).

489 U.S. 255, 263 n.9 (1989); *Franklin,* 290 F.3d at 1231.  In Arizona, such a determination often involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure governing post-conviction relief proceedings.  For example, Ariz.R.Crim.P. 32.1 specifies when a petitioner may seek relief in post-conviction proceedings based on federal constitutional challenges to convictions or sentences.  Under Rule 32.2, relief is barred on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain claims[6] which were justifiably omitted from a prior petition. Ariz.R.Crim.P. 32.2.  Moreover,  a state post-conviction action is futile when it is time-barred.  *Beaty,* 303 F.3d at 987; *Moreno v. Gonzalez,* 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz.R.Crim.P. 32.4(a) as a basis for dismissal of Arizona petition for post-conviction relief is distinct from preclusion under Ariz.R.Crim.P. 32.2(a)).

These instances of procedural default provide an independent and adequate state-law ground for the conviction and sentence and thus prevents federal habeas corpus review. Accordingly, the procedural default doctrine prevents state prisoners from obtaining federal review by allowing the time to run on available state remedies and then rushing to federal court seeking review.  *Coleman,* 501 U.S. at 731-732 (1991).

(1.)    Cause and Prejudice

A petitioner may be relieved from a procedural default on a showing of cause and prejudice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)("We therefore require a prisoner to demonstrate cause for his state-court default of *any* federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim....The one exception to

---

[6]Such claims include: (1) that the petitioner is being held in custody after his sentence has expired; (2) certain circumstances where newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence; (3) the petitioner's failure to file a timely notice of post-conviction relief was without fault on his part; (4) there has been a significant change in the law that would probably overturn petitioner's conviction if applied to his case; and (5) the petitioner demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found petitioner guilty beyond a reasonable doubt. Ariz.R.Crim.P. 32.2(b) (citing Ariz.R.Crim.P. 32.1(d)-(h)).

that rule,...is the circumstance in which the habeas petitioner can demonstrate a sufficient probability that our failure to review his federal claim will result in a fundamental miscarriage of justice.") (emphasis in original); *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003)("Because [petitioner] has procedurally defaulted her Confrontation Clause claim, she 'may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'") (citation omitted); *see also Gray v. Netherland,* 518 U.S. 152, 161-162 (1996); *Murray v. Carrier,* 477 U.S. 478, 485-495 (1986); *Franklin*, 290 F.3d at 1231. Generally, "cause" sufficient "to excuse a default exists if the petitioner 'can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Cook v. Schriro,* 538 F.3d 1000, 1027 (9th Cir. 2008), *cert. denied* __ U.S. __, 129 S.Ct. 1033 (2009), (*quoting Murray,* 477 U.S. at 488). Examples of cause sufficient to excuse a procedural default include "'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' or that 'some interference by officials' made compliance impracticable.'" *Id.* (*quoting Murray,* 477 U.S. at 488)). Additionally, in certain circumstances, ineffective assistance of counsel may also constitute sufficient cause to excuse a default. *Id.* (*citing Edwards,* 529 U.S. at 451; *Murray,* 477 U.S. at 488).

Prejudice is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must demonstrate that the alleged constitutional violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982) (emphasis in original). If the petitioner fails to establish cause sufficient to excuse a procedural default, the court "need not consider whether he suffered actual prejudice." *Cook,* 538 F.3d at 1028 n.13 (*citing Engle v. Isaac,* 456 U.S. 107, 134 n.43 (1982)).

<u>(2.)     Fundamental Miscarriage of Justice</u>

A habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook,* 538 F.3d at 1028 (*quoting Schlup v. Delo,* 513 U.S. 298, 321 (1995)). This exception

to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup,* 513 U.S. at 327. *See also Murray,* 477 U.S. at 496; *Cook,* 538 F.3d at 1028. "'To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence–that was not presented at trial.'" *Cook,* 538 F.3d at 1028 (*quoting Schlup,* 513 U.S. at 324).

### c.     Conclusion

In summary, failure to exhaust and procedural default/bar are different concepts. *Franklin*, 290 F.3d at 1230-1231. Under both doctrines, the federal court may be required to refuse to hear a habeas claim. *Id.* The difference between the two is that when a petitioner fails to exhaust, he may still be able to return to state court to present his claims there. *Id.* In contrast, "[w]hen a petitioner's claims are procedurally barred and a petitioner cannot show cause and prejudice for the default [or a fundamental miscarriage of justice]...the district court dismisses the petition because the petitioner has no further recourse in state court." *Id.* at 1231.

### 2.     Merits

Pursuant to the provisions of the AEDPA, the Court may grant a writ of habeas corpus only if the state court proceeding:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court and section 2254(d)(2) applies to purely factual questions resolved by the state court. *Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004). Therefore, the question whether a state court erred in applying the law is a different question from whether it erred in determining the facts. *Rice v. Collins* 546 U.S. 333 (2006).

Section 2254(d)(1) consists of two alternative tests, i.e., the "contrary to" test and the "unreasonable application" test. *See Cordova v. Baca*, 346 F.3d 924, 929 (9th Cir. 2003). Under the first test, the state court's "decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003)(*citing Williams v. Taylor*, 529 U.S. 362, 413-14 (2000)). Additionally, a state court's decision is "'contrary to' Supreme Court case law if the state court 'applies a rule that contradicts the governing law set forth in' Supreme Court cases."[7] *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (*quoting Early v. Packer*, 537 U.S. 3, 8 (2002)). "Whether a state court's interpretation of federal law is *contrary* to Supreme Court authority...is a question of federal law as to which [the federal courts]...owe no deference to the state courts." *Cordova*, 346 F.3d at 929 (emphasis in original)(distinguishing deference owed under the "contrary to" test of section (d)(1) with that owed under the "unreasonable application" test).

Under the second test, "'[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle...but unreasonably applies that principle to the facts of the prisoner's case.'" *Van Lynn*, 347 F.3d at 738 (*quoting Clark*, 331 F.3d at 1067). Under the "unreasonable application clause...a federal habeas court may not issue the writ simply because that court

---

[7]"[T]he *only* definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams*, 529 U.S. at 412...While circuit law may be 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." *Clark*, 331 F.3d at 1069 (emphasis in original). *See also Holley v. Yarborough,* 568 F.3d 1091, 1101 (9th Cir. 2009) (*citing Carey v. Musladin,* 549 U.S. 70, 76-77 (2006) ("Circuit precedent may not serve to create established federal law on an issue the Supreme Court has not yet addressed").

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...[r]ather that application must be objectively unreasonable.'" *Clark*, 331 F.3d at 1068 (quoting *Lockyear v. Andrade*, 538 U.S. 63 (2003)). When evaluating whether the state decision amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law...." *Cordova*, 346 F.3d at 929.

Under section 2254(d)(2), which involves purely factual questions resolved by the state court, "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record." *Lambert*, 393 F.3d at 978: *see also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir.), *cert. denied* 543 U.S. 1038 (2004)("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable."). Section (d)(2) "applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence,...that the process employed by the state court is defective...or that no finding was made by the state court at all." *Taylor*, 366 F.3d at 999 (citation omitted). In examining the record under section 2254(d)(2), the federal court "must be particularly deferential to our state court colleagues...[M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied that *any* appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Lambert*. 393 F.3d at 972 (quoting *Taylor*, 366 F.3d at 1000)(emphasis in original).

Once the federal court is satisfied that the state court's fact-finding process was reasonable, or where the petitioner does not challenge such findings, "the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based on extrinsic evidence, *i.e*., evidence presented for the first time in federal

court."[8] *Taylor*, 366 F.3d at 1000: *see also* 28 U.S.C. §2254(c). Factual and credibility determinations by either state trial or appellate courts are imbued with a presumption of correctness. 28 U.S.C. §2254(e)(1); *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002); *Bragg v. Galaza*, 242 F.3d 1082, 1078 (9th Cir. 2001), *amended* 253 F.3d 1150 (9th Cir. 2001). Furthermore, factual assertions made in support of properly exhausted claims in state court cannot be altered or expanded upon without permission of the federal habeas court. *See Baja v. Ducharme*, 187 F.3d 1075, 1079 (9th Cir. 1999). Consequently, a federal habeas court can only look to the record before the state court in determining whether a state court decision is contrary to clearly established federal law. *Holland v. Jackson*, 542 U.S. 649, 652 (2004)("[W]e have made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it.")(citations omitted).

Both section 2254(d)(1) and (d)(2) may apply where the petitioner raises issues of mixed questions of law and fact. Such questions "receive similarly mixed review; the state court's ultimate conclusion is reviewed under section 2254(d)(1), but its underlying factual findings supporting that conclusion are clothed with all of the deferential protection ordinarily afforded factual findings under §§ 2254(d)(2) and (e)(1)." *Lambert*, 393 F.3d at 978.

### 3. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established a two-part test for evaluating ineffective assistance of counsel claims. To establish that his trial counsel was ineffective under *Strickland*, a petitioner must show: (1) that his trial

---

[8]Under the AEDPA "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. §2254(e). The "AEDPA spells out what this presumption means: State-court fact-finding may be overturned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof that the state-court finding is in error....Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once..." it is found that the state court reasonably determined the facts in light of the evidence presented in the state proceeding. *Taylor*, 366 F.3d at 1000.

counsel's performance was deficient; and (2) that trial counsel's deficient performance prejudiced petitioner's defense. *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998)(*citing Strickland*, 466 U.S. at 688, 694). The *Strickland* test also applies to a petitioner's challenge of his guilty plea based upon ineffective assistance of counsel. *Washington v. Lampert,* 422 F.3d 864, 872 (9th Cir. 2005) (*citing Hill v. Lockhart*, 474 U.S. 52 (1985)). "In the context of a guilty plea, the ineffectiveness inquiry probes whether the alleged ineffective assistance impinged on the...[petitioner 's] ability to enter an intelligent, knowing and voluntary plea of guilty." *Lambert,* 393 F.3d at 980.

To establish deficient performance, Petitioner must show that "counsel made errors so serious...that counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. The relevant inquiry is not what defense counsel could have done, but rather whether the decisions made by defense counsel were reasonable. *Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). In considering this factor, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. The Ninth Circuit "h[as] explained that '[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation.'" *Ortiz*, 149 F.3d at 932 (*quoting Hensley v. Crist*, 67 F.3d 181, 184 (9th Cir. 1995)). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Additionally, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Strickland*, 466 U.S. at 689.

Even where trial counsel's performance is deficient, Petitioner must also establish prejudice in order to prevail on his ineffective assistance of counsel claim. In the context of a guilty plea, "'[i]n order to satisfy the 'prejudice' requirement, the...[petitioner] must show

that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.'" *Lambert,* 393 F.3d at 980 (*quoting Hill,* 474 U.S. at 59).  *See also Washington,* 422 F.3d at 873 (same).  Thus, under the prejudice factor, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691. Because failure to make the required showing of either deficient performance or prejudice defeats the claim, the court need not address both factors where one is lacking. *Id.* at 697-700.

Further, it is well settled that "[c]onclusory allegations [of ineffective assistance of counsel] which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994); *see also Strickland*, 466 U.S. at 690 (a petitioner "making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment"); *Ortiz*, 149 F.3d at 933 (rejecting ineffective assistance of counsel claim where petitioner failed "to indicate how he was prejudiced by counsel's failure..." to conduct cross-examination on a specific issue); *United States v. Berry*, 814 F.2d 1406 (9th Cir. 1987)(defendant was not denied effective assistance of counsel for failure to call out-of-state witnesses absent indication of what witnesses would have testified to or how their testimony would have changed the outcome of proceeding.); *Cranford v. Sumner*, 672 F.Supp. 453, 457 (D.Nev. 1987)("Aside from the bald allegation that his attorney should have raised this claim but did not, the petitioner has failed to demonstrate how his attorney's performance fell below the reasonable level of professional competence required by *Strickland*.").

It is well-established that a defendant has the ultimate authority to make fundamental decisions regarding whether to plead guilty, waive a jury trial, testify in his or her own behalf, or take an appeal. *Wainwright v. Sykes*, 433 U.S. 72, 93 n. 1 (1977)(Burger, C.J. concurring). However:

> [no decision of the Supreme Court] suggests,...that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points

requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.

*Jones v. Barnes*, 463 U.S. 745, 751 (1983). To require otherwise would "seriously undermine[] the ability of counsel to present the client's case in accord with counsel's professional evaluation." *Id.* The professional judgment and evaluation every defendant is entitled to is an examination of the record, research of the law, and the marshaling of arguments on behalf of the defendant. *Douglas v. California*, 372 U.S. 353, 358 (1963).

Additionally, under the AEDPA, the federal court's review of the state court's decision is subject to another level of deference. *Bell v. Cone*, 535 U.S. 685, 689-699 (2002). In order to merit habeas relief, therefore, Petitioner must make the additional showing that the state court's ruling that counsel was not ineffective constituted an unreasonable application of *Strickland*. *See* 28 U.S.C. §2254(d)(1); *West v. Schriro*, 2007 WL 4240859, *7 (D.Ariz. Nov. 29, 2007).

B.    Respondents' exhaustion argument based upon Petitioner's failure to seek review by the Arizona Supreme Court

Respondents argue that all of Petitioner's claims are not exhausted because Petitioner failed to present the issues raised in his PCR proceeding to the Arizona Supreme Court. (Answer, pp. 4-5). According to Respondents, under *Baldwin*, 541 U.S. 27, Petitioner was required to seek review by the Arizona Supreme Court before presenting his claim to this Court. Because Petitioner did not seek such review, Respondents contend that Petitioner has failed to properly exhaust his claim for relief. (*Id.*). This Court disagrees.

In *Baldwin*, the U.S. Supreme Court reviewed a decision from the Ninth Circuit to address the question of what constitutes notice of the federal nature of a claim sufficient to satisfy the fair presentment requirement found in 28 U.S.C. § 2254(b)(1). In setting out the groundwork for its decision, the *Baldwin* Court stated that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin,* 541 U.S. at 29 (citations omitted).

Respondents rely on the *Baldwin* Court's general statements of the law of exhaustion to support their assertion that *Swoopes*, at least insofar as it addresses whether habeas petitioners must seek review in the highest state court, is no longer valid.[9] However, an examination of the rationale employed in the *Swoopes* decision readily distinguishes that case from the general statements of law referred to by Respondents.

*Swoopes,* which examines the habeas exhaustion requirement specifically with regard to Arizona's discretionary review system, was decided on remand to the Ninth Circuit for consideration in light of the Supreme Court's decision in the *O'Sullivan* case. *Swoopes,* 196 F.3d 1008. In *Swoopes*, the Ninth Circuit, like the *Baldwin* Court, began its analysis by reiterating the general rule stated in *O'Sullivan* that, "in order to satisfy the exhaustion requirement for federal habeas relief, state prisoners must file for discretionary review in a state supreme court when that review is part of ordinary appellate review." *Swoopes*, 196 F.3d at 1009 (*citing O'Sullivan,* 526 U.S. at 847). The *Swoopes* court recognized, however, that the Supreme Court in *O'Sullivan* had "acknowledged an exception to the exhaustion requirement..." by making it clear that "'the creation of a discretionary review system does not, *without more*, make review' in a state supreme court 'unavailable.'" *Swoopes*, 196 F.3d at 1009 (*quoting O'Sullivan*, 526 U.S. at 847) (emphasis added in *Swoopes*). The Ninth Circuit proceeded to consider Arizona's discretionary review system and found that Arizona case law made it clear that "in cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes*, 196 F.3d. at 1010. Thus, the Ninth Circuit has concluded that "post-conviction review before the Arizona Supreme Court is a remedy that is 'unavailable' within the meaning of *O'Sullivan*." *Id.* (footnote omitted). There is nothing in *Baldwin* that suggests, implicitly or explicitly, that this analysis is flawed or that the *Swoopes* holding has been overruled.

---

[9]Under *Swoopes,* Petitioner herein need only seek review from the Arizona Court of Appeals and not the Arizona Supreme Court. *Swoopes,* 196 F.3d 1008.

Moreover, the Ninth Circuit continues to cite *Swoopes* for the very proposition Respondents contest. *See Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005) ("[i]n cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" (*quoting Swoopes,* 196 F.3d at 1010)). Therefore, Respondents do not prevail with this line of argument.

All other exhaustion arguments raised by Respondents are claim-specific and are addressed in the section discussing the specific claim.

C.     Ground I: Trial court's failure to follow U.S. Supreme Court and Ninth Circuit precedent

Respondents advance several arguments to support their position that Petitioner's Ground I is barred from federal habeas review. Each argument is discussed below.

1.     Sufficiency of factual basis for Ground I

First, Respondents correctly point out that Petitioner did not assert any specific factual basis for Ground I other than that the state court failed to follow precedent established by the U.S. Supreme Court and the Ninth Circuit, thereby violating his due process rights under the Fourteenth Amendment.   Petitioner's federal habeas petition makes no reference to the specific cases or holdings that were not followed.   According to Respondents, "'the exhaustion requirement is not met where the petitioner presents different facts at the federal level to support the same legal theory that was not presented to the state courts.'" (Answer, p.6 (*quoting Nardi v. Schriro,* 2008 WL 4446963, at *43 (D. Ariz. 2008)).   Nonetheless, the Court is mindful that "'[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers.'"   *Woods v. Carey,* 525 F.3d 886, 889-90 (9th Cir. 2008) (*quoting Erickson v. Pardus,* 551 U.S. 89, 94 (2007)).   Here, Petitioner does not cite different facts than those relied upon in state court.   While the Court does not condone Petitioner's failure to cite specific facts to support his claim, on the instant record, the Court can discern and presume that Petitioner is alluding to his argument presented in his PCR Petition and to

the Arizona Court of Appeals that the trial court erred by subjecting him to an enhanced sentence under Arizona's criminal code and, thus his sentence does not comport with the *Leocal* decision. On the instant record, the deficiencies in Petitioner's factual basis of Ground I are not fatal to his claim.

### 2. Applicability of *Leocal* decision

Respondents also argue that Petitioner fails to properly state an adequate federal-law basis for his claim that his sentence does not comport with the *Leocal* decision.[10]  Petitioner was convicted of aggravated DUI while his driver's license was suspended, revoked, or restricted in violation of A.R.S. §28-1383, a class four felony.  Petitioner also admitted that he had two prior felony convictions.  He was sentenced in accordance with A.R.S. §13-604 which provides an enhanced sentencing scheme for "dangerous and repetitive offenders." Specifically, A.R.S. §13-604 provides for an enhanced sentence if the defendant commits a class 4 felony with "two or more historical prior felony convictions."  A.R.S. §13-604(C). *See also Miller v. Schriro,* CV 07-1848-PHX-PGR(GEE), 2008 WL 1836741, *4 (D. Ariz. Apr. 23, 2008), *adopted*, 2008 WL 2113403 (D.Ariz. May 16, 2008), *certificate of appealability denied*, No. 08-16520, slip op., (9th Cir. June 23, 2009).  Petitioner's argument is that the sentencing enhancements under Arizona's criminal code, such as A.R.S. 13-604, do not apply to traffic offenses proscribed by the Arizona traffic code, Title 28.

Respondents argue that Petitioner "failed to properly state an adequate federal law basis for..." his Ground I claim invoking the U.S. Supreme Court's decision in *Leocal*.

---

[10]Respondents are correct that Petitioner's argument that his sentence also violated Ninth Circuit precedent is not a cognizable claim for federal habeas relief.  Although the Court may look to circuit law as persuasive authority for purposes of determining whether a state court decision is contrary to, or an unreasonable application of, clearly established federal law, Petitioner is entitled to relief only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as set forth in "the holdings ...(as opposed to the dicta) of the Supreme Court as of the time of the state court decision.'" *Clark*, 331 3d. at 1069 (*citing Williams*, 529 U.S. at 412).  *See also* 28 U.S.C. §2254(d)(1); *Holley,* 568 F.3d at 1101 n.2 (9th Cir. 2009) (although the state court's ruling would warrant issuance of the writ under Ninth Circuit precedent, writ was denied because of the lack of Supreme Court precedent on the issue).

(Answer, p.7). To support this argument, Respondents assert that because Petitioner was convicted of state law violations, *Leocal*, which considered whether federal deportation statutes applied to a lawful permanent resident convicted of state felony DUI offenses, does not apply to Petitioner's case.

Under section 2254, the Court "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or *laws* or treaties of the United States." 28 U.S.C. §2254(a) (emphasis added). Generally, federal habeas relief is appropriate, *inter alia,* where the state court's adjudication of a petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States...." 28 U.S.C. §2254(d)(1). Because Petitioner argued to the state court that his sentence violated clearly-established Supreme Court case law under *Leocal,* he has raised a federal-law basis for his claim.

The next question, then, is whether that claim is adequate to merit relief. Respondents argue that *Leocal* is inapplicable to Petitioner. The Arizona Court of Appeals did not specifically address Petitioner's claim based on *Leocal*. Instead, the court first noted that Petitioner's guilty plea resulted in waiver of the sentencing issue. (Answer, Exh. A at p.1). In an alternative ruling, the court upheld the sentence under state law. (*Id.* at pp.1-2). The U.S. Supreme Court has held that the state courts are not required to cite U.S. Supreme Court cases nor are they required to have an *"awareness* of our cases so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early,* 537 U.S. at 8 (emphasis in original).

The issue before the Supreme Court in *Leocal* was whether a lawful permanent resident who pleaded guilty in Florida state court to two counts of DUI and causing serious bodily injury in an accident in violation of Florida law had committed a "crime of violence" as defined by 18 U.S.C. § 16, thereby constituting an "aggravated felony" under the Immigration and Nationality Act and subjecting the defendant to deportation. *Leocal,* 543

1  U.S. 1.  After analyzing the provisions of 18 U.S.C. §§16(a), 16(b), the Court held that the

2  offense of DUI is not a "crime of violence" as defined in that statute.  *Id.*

3      Petitioner argues that under *Leocal* he cannot be sentenced for  "dangerous and

4  repetitive" criminal offenses, when he stands convicted under the state traffic code and, thus,

5  his sentence violates clearly established federal law.

6      In a similar case, the District Court for the District of Arizona has adopted the

7  reasoning that *Leocal* cannot be extended in the manner urged by Petitioner:

8      The Court's holding in *Leocal* is a specific analysis of a particular federal
       statute. In that case, the Supreme Court held a DUI is not a "crime of violence"
9      as that term is defined by 18 U.S.C. § 16. The Court's holding cannot be
       extended to mean a DUI is not a "dangerous offense" for the purpose of A.R.S.
10     § 13-604. The term "dangerous offense" as it is used in the Arizona Revised
       Statutes is not defined with reference to 18 U.S.C. § 16 or any other federal
11     statute. *Leocal* does not apply here.

12  *Miller,* CV 07-1848-PHX-PGR(GEE), 2008 WL 1836741, *4, *adopted,* 2008 WL 2113403

13  (D.Ariz. May 16, 2008), *certificate of appealability denied*, No. 08-16520, slip op., (9th Cir.

14  June 23, 2009).  For these same reasons, *Leocal* is inapplicable to Petitioner's claims of error

15  under Arizona's sentencing scheme. *See Miller*, 2008 WL 18736741, *3 ("*Leocal* does not

16  apply to...[Arizona's] sentencing scheme.").  Because Petitioner's sentence does not violate

17  clearly established federal law pursuant to *Leocal*, the state court's decision affirming

18  Petitioner's sentence was not contrary to, nor an unreasonable application of, clearly

19  established federal law as determined by the United States Supreme Court.  Nor did the state

20  court's proceeding result in a decision that was based on an unreasonable determination of

21  the evidence presented.

22          3.      Failure to exhaust due process claim

23      To the extent that Petitioner argues that his sentence violated due process,

24  Respondents assert that Petitioner failed to fairly present his due process claim  to the state

25  court.   In his PCR Petition, Petitioner argued that use of Arizona's criminal code at

26  sentencing violated due process "there by [sic] violating the 1, 4, 5, 6, 8, 9, 14 Amendment

27  [sic] to [the] United States Const....and by evading the United States Supreme Court's

28  decision in *Leocal v. As[h]croft*...." (Answer, Exh. B at p. 3).  However, Petitioner's petition

for appellate court review makes no specific reference to the Fourteenth Amendment Due Process Clause of the United States Constitution. (*See* Answer, Exh. D). A "[p]etitioner's mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim....Nor is a federal claim exhausted by a petitioner's mention, in passing, of a broad constitutional concept, such as due process. " *Fields v. Waddington,* 401 F.3d 1018, 1021 (9th Cir. 2005) (citations omitted). *See also Baldwin*, 541 U.S. 27 (holding that, ordinarily, for a petitioner to "fairly present" federal claims to a state court, the federal issues must be clearly identified in the state court brief).

The Ninth Circuit has "held that citation to either a federal or state case involving the legal standard for a federal constitutional violation is sufficient to establish exhaustion," *Castillo,* 399 F.3d at 999. However, the cases cited in Petitioner's petition for appellate court review "bear[] no relation to Petitioner's argument that his..." federal due process rights were violated due to the trial court's application of Arizona's enhanced sentencing scheme.[11]

---

[11]In his petition for review when arguing he was pressured into taking the plea, Petitioner cited *Brady v. United States,* 397 U.S. 742 (1970) (examining the voluntariness of a guilty plea under Rule 11 of the Federal Rules of Criminal Procedure) (Answer, Exh. D at p. 4) (Petitioner incorrectly cited the case as "379 U.S. 742..."). Petitioner argued that the U.S. Supreme Court's decision in *Leocal* overruled *State of Arizona v. Campa,* 168 Ariz. 407, 814 P.2d 748 (1991) wherein the Arizona Supreme Court analyzed Arizona state law and held that enhancement provisions of criminal sentencing statutes applied to traffic offenses such as felony DUI and did not result in double punishment. (Answer, Exh. D at p.5). When arguing that *Leocal* invalidated the enhancement applied to him, Petitioner cited *United States v. Walker,* 393 F.3d 819 (8th Cir. 2006) (holding that felony DUI conviction did not constitute a crime of violence under the Federal Sentencing Guidelines), *abrogated by United States v. McCall,* 439 F.3d 967, 971 (8th Cir. 2006) (*en banc*); *United States v. Rivera-Sanchez,* 247 F.3d 905 (9th Cir. 2001)(holding that conviction for marijuana offense under California law did not qualify on its face as an "aggravated felony" under federal Sentencing Guidelines), *superseded by U.S.S.G.* §2L1.2 *as recognized in United States v. Narvaez-Gomez,* 489 F.3d 970, 971 (9th Cir. 2007). (Answer, Exh. D at p. 6; *see also Id.* at pp.7, 9-10). Petitioner cited *Warfield v. Gardner,* 346 F.Supp. 2d 1033, 1038 (D.Ariz. 2004) (recognizing that "Arizona's long-arm statute provides for personal jurisdiction coextensive with the limits of federal due process") for the premise that "[o]rganizational structure was designed to maintain preogative [sic] of it's [sic] context,...for this petitioner to be convicted

*Fields,* 401 F.3d at 1022. "Citation of irrelevant federal cases does not provide a state court with a fair opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's]...constitutional claim." *Castillo,* 399 F.3d at 1000 (internal quotation marks omitted). On the instant record, Petitioner failed to fairly present a federal due process claim to the state court and the claim is procedurally defaulted.

Further, Respondents are correct that Petitioner's return to state court to raise such a claim would be futile because the claim is precluded as waived under Ariz.R.Crim.P. 32.2(a)(3) since it was not presented in Petitioner's PCR Petition. Further, presentation of such claim in a second post-conviction relief proceeding would be untimely under

---

of a traffic offense. (Answer, Exh. D at pp. 6-7). To support the premise that "[s]tatutory construction is alholsitc [sic] endeavor, and at a minimum must account for the statutes '*Full Text*', language as well as punctuations [sic], structure and most important its '*Subject Matter*'", Petitioner cited *United Savings Ass'n. Of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365 (1998) (construing the Bankruptcy Code); *Lambright v. Lewis,* 932 F.Supp. 1547 (holding that numerous claims were procedurally barred from federal habeas review and denying on the merits petitioner's claims regarding: use of dual juries; use of inculpatory statements; form of verdict; use of mitigating and aggravating factors in imposing the death penalty; finding of aggravating factors under A.R.S. §13-702; finding of intent to kill; use of victim statements; use of presentence report; determination of aggravating factors by the trial court instead of a jury; specific arguments directed at use of A.R.S. §13-703 in death penalty cases; and the constitutionality of the use of lethal injection), *affirmed in part and remanded to panel,* 191 F.3d 1181 (9th Cir. 1999), *and affirmed in part and reversed in part,* 241 F.3d 1201 (9th Cir. 2001). (Answer, Exh. D at pp. 8-9) (emphasis in original). For the premise that "[i]t is the policy of law to encourage eretainly [sic] in the sentencing process, Petitioner cited *State of Arizona v. Pena,* 140 Ariz. 545, 683 P.2d 744 (App. 1983) (holding that as a matter of state law, the trial court erred in imposing a mandatory consecutive sentence pursuant to A.R.S. §13-2503 following the defendant's guilty plea to a crime of escape in the second degree), *decision adopted and approved,* 140 Ariz. 544, 683 P.2d 743 (1984) (*en banc*). (Answer, Exh. D at p.9). Petitioner also pointed out the Supreme Court's instruction that a court construing a statute must "not be guided by a single sentence or member of a sentence or paragraph but look at the provision as the 'Whole Law', and to it's [sic] object and policy" citing *United States National Bank of Oregon v. Independent Agents of America, Inc.,* 508 U.S. 439 (1993) (considering application of the Federal Reserve Act to national banking associations); *United States v. Boisdore's Heirs,* 49 U.S. 113 (1850) (considering a law regarding claims to lands in Missouri and Arkansas). (Answer, Exh. D at p.10).

- 21 -

Ariz.R.Crim.P. 32.4. *See Beaty,* 303 F.3d at 987 (a state post-conviction action is futile when it is time-barred). Nor does the claim qualify for any of the timeliness exceptions. *See* Ariz.R.Crim.P. 32.1(d)-(h). Thus, any additional petition would be subject to summary dismissal. *See State v. Rosario,* 195 Ariz. 264, 266, 987 P.2d 226, 228 (App. 1999); *State v. Jones,* 182 Ariz. 432, 897 P.2d 734 (App. 1995); *Moreno v. Gonzales,* 192 Ariz. 131, 135, 962 P.2d 205, 209 (1998) (timeliness is a separate inquiry from preclusion). Under such circumstances, Petitioner's claim is procedurally defaulted.[12] *Park v. California,* 202 F.3d 1146, 1150-51 (9th Cir. 2000) (federal habeas review is precluded where petitioner has not raised his claim in the state courts and the time for doing so has expired).

The instant record does not support a finding of cause and prejudice or a fundamental miscarriage of justice to excuse Petitioner's procedural default. Nor has Petitioner presented any evidence or argument that would support a finding of a constitutional violation that has probably resulted in the conviction of someone who was actually innocent of the offenses at issue. *See Cook,* 538 F.3d at 1028 *Id.* (petitioner failed to present any evidence that would sustain application of the "fundamental miscarriage of justice exception" to the procedural default rule).

### 4. Independent and adequate state grounds

Respondents further argue that any federal claim raised by Petitioner regarding his

---

[12]Because this claim is procedurally defaulted pursuant to Rule 32.4(a), Ariz.R.Crim.P., this Court need not determine whether the claims are of "sufficient constitutional magnitude" to require a knowing, voluntary, and intelligent waiver such that the claims are precluded pursuant to *Cassett.* Moreover, the procedural timeliness bar of Rule 32.4(a), Ariz.R.Crim.P., is clear, consistently applied, and well established. *Powell v. Lambert,* 357 F.3d 871 (9th Cir.2004); see e.g., *Rosario,* 195 Ariz. 264, 987 P.2d 226 (where petition did not raise claims pursuant to Rule 32.1(d) through (g), the petition could be summarily dismissed if untimely); *Moreno,* 192 Ariz. 131, 962 P.2d 205 (timeliness provision of Rule 32.4(a) became effective September 20, 1992); *State v. Jones,* 182 Ariz. 432, 897 P.2d 734 (App.1995) (Rule 32.4(a) was amended "to address potential abuse by defendants caused by the old rule's unlimited filing periods"); *see also Wagner v. Stewart,* 2008 WL 169639, *9 (D.Ariz. Jan. 16, 2008).

sentence is procedurally barred because the Arizona Court of Appeals relied on state procedural law in holding that Petitioner waived his sentencing claim. (Answer, p.8). The Arizona Court of Appeals stated that:

> Entry of a guilty plea waives all nonjurisdictional defects, such as the claim Fragoso asserted in his pro se petition. *See State v. Quick,* 177 Ariz. 314, 316, 868 P.2d 327, 329 (App. 1993). But even assuming arguendo Fragoso's claim could be construed as jurisdictional in nature or that it was not otherwise waived, the trial court did not abuse its discretion by denying relief because the claim lacks merit.

(Answer, Exh. A at p.2). A federal habeas court will not review a question of federal law when that question has been resolved by the state court "on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman,* 501 U.S. at 729. The state law ground may be substantive or procedural. *Id.* at 729-730. To be independent, "the state law basis for the decision must not be interwoven with federal law." *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir.2001). "To be deemed adequate, the state law ground for decision must be well-established and consistently applied." *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir.2003); *see also Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir.1999)("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.")(*quoting Ford v. Georgia*, 498 U.S. 411, 424 (1991)). Moreover, "a federal claimant's procedural default precludes federal habeas review ... only if the last state court rendering a judgment in the case rests its judgment on the procedural default." *Harris*, 489 U.S. at 262. Finally, "a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Id.* at 264 n.10 (emphasis in original).

When a defendant enters a guilty plea in Arizona, he waives all non-jurisdictional defects including ineffective assistance of counsel except those claims of ineffective assistance that relate to the voluntariness of the plea. *See State v. Lerner,* 113 Ariz. 284, 551

- 23 -

P.2d 553 (1976) (a knowing and voluntary plea of guilty waives all non-jurisdictional defects in the proceeding); *State v. Reed,* 121 Ariz. 547, 592 P.2d 381 (App. 1979) ("It is well established in Arizona that an appellant waives any challenges to non-jurisdictional defects in the trial court proceedings when he enters a valid guilty plea."); *State v. Quick,* 177 Ariz. 314, 316, 868 P.2d 327, 329 (App. 1993) (entry of guilty plea waives all non-jurisdictional defects, including ineffective assistance of counsel other than ineffectiveness in connection with matters directly relating to the plea). Because the Arizona appellate court relied on this independent and adequate state law ground in denying Petitioner's request for relief, any federal claim raised by Petitioner is procedurally barred. *See Coleman,* 501 U.S. at 729-30; *Cook,* 538 F.3d at 1025. Moreover, for the same reasons as discussed *supra,* at III.C.3, Petitioner has failed to excuse the procedural default by demonstrating cause and prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. Nor has he argued that the alleged constitutional violation has probably resulted in the conviction of someone who was actually innocent. Petitioner's Ground I is barred from federal habeas review under the independent and adequate state ground doctrine.

5.     Recommendation: Ground I

The Magistrate Judge recommends that the District Court dismiss and deny Petitioner's Ground I. Alternatively, the Magistrate Judge recommends that the District Court dismiss Petitioner's Ground I as procedurally barred from federal review by the independent and adequate state law doctrine.

D.     Ground II: Ineffective Assistance of Counsel

Petitioner argues that his counsel was ineffective because "if Counsel was to read the law book Counsel would have found the casing [sic] this petitioner will cite in the petition." (Petition, p. 7).

Before addressing Petitioner's claim of ineffective assistance of counsel, the Arizona Court of Appeals pointed out that the Arizona Supreme Court had "previously addressed and rejected the very argument Fragoso has raised here: whether driving offenses that are felonies under Title 28 are exempt from the sentence enhancement provisions of Title 13" and has

concluded they are not.[13] (Answer, Exh. A at p.2 (citing *State v. Campa,* 168 Ariz. 407, 410, 814 P.2d 748, 751 (1998)).

Because Petitioner's underlying claim of improper sentencing enhancement was without merit, the Arizona court rejected Petitioner's claim of ineffective assistance of counsel for failing to challenge the imposition of the enhanced sentence. (*Id.* at p.3).

It is well settled that a claim of ineffective assistance of counsel cannot be based on an attorney's failure to raise a groundless objection. *See Kimmelman,* 477 U.S. at 375; *Wildman v. Johnson,* 261 F.3d 832, 400 (9th Cir. 2001). In light of the Arizona Supreme Court's decision in *Campa* and the fact, as discussed *supra*, at III.C.2., that, the United States Supreme Court decision in *Leocal* is inapplicable to Petitioner's case, counsel's alleged failure to object to the enhanced sentence was reasonable. The state court ruling on this issue was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Nor did the state court's proceeding result in a decision that was based on an unreasonable determination of the evidence presented. Petitioner is not entitled to habeas relief on Ground II.

## IV.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, Petitioner's claims are either procedurally defaulted or without merit. Therefore, the Magistrate Judge recommends that the District Court deny in part and dismiss the remainder of Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) as set forth below:

(1)    The following claims should be denied on the merits:

---

[13]The court also quoted the following from the *Campa* decision:
The general sentencing provisions of the criminal code, therefore, apply to *all* crimes, whether defined in Title 13 or elsewhere. Likewise, §13-604 applies to *all* felonies, whether defined in Title 13 or elsewhere. The language of the statues evinces a legislative intent that *all* felonies are subject to the enhancement provisions of §13-604.
(Answer, Exh. A at p.3 (*quoting Campa,* 168 Ariz. at 410, 814 P.2d at 751)(emphasis in original)).

(a)     Ground I claim based on the United States Supreme Court's decision

                in *Leocal v. Ashcroft*, 543 U.S. 1 (2004);

        (b)     Ground II claim of ineffective assistance of counsel;

    (2)    The following claim should be dismissed as procedurally defaulted:

        (a)     Ground I claim of due process violation; and

    (3)    Alternatively, Petitioner's entire Ground I is also subject to dismissal as

                procedurally barred under the independent and adequate state ground doctrine.

    Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed.R.Civ.P. 72(b).   If objections are filed, the parties should use the following case number: **CV 09-239-TUC-JMR.**

    Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* of the issues.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

    DATED this 14th day of April, 2010.


_____
                    Héctor C. Estrada
                    United States Magistrate Judge